NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBERT JACKSON, | | Hon. Stanley R. Chesler |
| | | Civ. No. 00-4875 |
| Plaintiff, | | |
| | | |
| v. | | **OPINION** |
| | | |
| COMMISSIONER NJSP, et al., | | |
| | | |
| Defendants. | | |

**CHESLER**, **District Judge**

    This matter is before the Court on the motion of Defendant Robert Francis for reconsideration of this Court's Order and Opinion entered December 27, 2005 denying Defendant's motion for partial summary judgment. For the reasons set forth below, Defendants motion for reconsideration will be **GRANTED IN PART AND DENIED IN PART**, and Partial Summary Judgment as to Defendant Francis will be **GRANTED**.

**I.**    **BACKGROUND**

    The relevant facts and procedural history of this case are well-known to the parties and will not be repeated here except as pertinent to the instant motion for reconsideration.

**A.**    **Facts**

    On January 6, 1999, Robert Jackson ("Plaintiff") was a passenger in a rental car driven by Gregory McCalop ("McCalop"). (Def. Br. 4; Pl. Br. 5.) Plaintiff and McCalop were traveling in

a rented Chevy Lumina on Route 78 in New Jersey at around 9:00 in the evening. (Def. Br. 5; Pl. Br. 5.) At that time, Defendant Troopers Callahan and Mandzuik were conducting stationary radar patrol of vehicles traveling westbound on Route 78. (Def. Br. 5; see Pl. Br. 5.) Defendant Callahan observed the Chevy traveling westbound in excess of the posted speed limit. (Def. Br. 6; Rizzo Decl. Ex. 2.) The troopers pulled off the median and began to pursue the car. (Def. Stat. Mat. Facts. ¶ 24; Pl. Stat. Mat. Facts. ¶ 24.)

The officers pursuit of the car led them off the highway. (Def. Stat. Mat. Facts ¶ 38, 40.) The Defendants spotted the Chevy in the parking lot of the Busy Bee convenience store. (Pl. Br. 8.) Defendant Callahan ran a National Crime Information Center ("N.C.I.C") check on the Chevy and learned that it was neither stolen nor involved in any crime. Defendant Troopers Robert Francis and Trooper Kevin Rowe heard the radio call and arrived at the scene shortly thereafter. (Def. Stat. Mat. Facts. ¶ 52-3; Pl. Stat. Mat. Facts ¶¶ 10-11.)

**B.     Procedural History**

On or about October 20, 2000, Plaintiff filed his initial pro se complaint arising out of the January 6, 1999 incident and named as defendants Troopers Mandziuk, Callahan and Francis, and the position of "Commissioner NJSP."  On or about May 14, 2004 Plaintiff filed an Amended Complaint.   Trooper Defendants filed a Motion for Partial Summary Judgment on or about June 24, 2005.

In an Order dated December 27, 2005, this Court denied the Trooper Defendants Motion for Partial Summary Judgment.  Defendant Francis filed the instant Motion for Reconsideration on January 11, 2006.

**II.     DISCUSSION**

**A.     Standard of Review**

Motions for reconsideration are governed by Local Rule 7.1(i).[1]  That Rule provides that "[a] motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge."  D.N.J. L. Civ. R. 7.1(i).  The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).

Reargument is not a means by which to obtain a proverbial second bite of the apple.  See Chiniewicz v. Henderson, 202 F. Supp. 2d 332, 334 (D.N.J. 2002) (noting that a motion for reconsideration "is not an opportunity . . . to introduce legal theories that a party failed to include in its initial motion").  Indeed, Rule 7.1(i) permits reconsideration only when "dispositive factual matters or controlling decisions of law" were presented to the Court but were overlooked.  See Resorts Int'l v. Great Bay Hotel and Casino, 830 F. Supp. 826, 831 (D.N.J. 1992); Khair v. Campbell Soup Co., 893 F. Supp. 316, 337 (D.N.J. 1995).  Accordingly, a court will reconsider its previous rulings only where convinced that germane information was initially overlooked.

Relief pursuant to Rule 7.1(i) is "an extraordinary remedy" that is to be granted "very sparingly."  NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996); Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986).  Indeed, "mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a

---

[1]  The cases cited below refer to Rule 7.1(g).  However, Local Civil Rule 7.1 was amended on February 24, 2005 so that Motions for Reconsideration are now governed by Local Rule 7.1(i) instead.  For purposes of this Opinion, the substantive amendments to the Rule are of no consequence.

3

motion for reargument." Yurecko v. Port Auth. Trans. Hudson Corp., 279 F. Supp. 2d 606, 609 (D.N.J. 2003) (quotation and citation omitted).

Accordingly, a motion under Rule 7.1(i) may be granted only if: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir 1995).

**B.     Defendant's Motion for Reconsideration**

In his motion for reconsideration, Defendant Francis argues that this Court overlooked undisputed facts and admissions which would have lead this Court to find that, as to Defendant Francis, no violation of Plaintiff's constitutional rights to be free from unreasonable search and seizure or selective enforcement of the law had occurred.

1.     Selective Enforcement

This Court denied Defendants Motion for Partial Summary Judgment as to Plaintiff's claim of selective enforcement having found several disputed facts in existence bearing on the motivation and justification of the officers who effectuated the stop. Defendant Francis, however, correctly argues that it is undisputed that he was not present at the time the decision to stop Plaintiff's car was made. (Def. Stat. Mat. Facts. ¶ 10-11; Pl. Stat. Mat. Facts ¶¶ 10-11.) This fact was raised by Defendant on his motion for summary judgment and was overlooked by this Court. (Def. Br. 52.) Accordingly, Defendant Francis's Motion for Reconsideration will be granted.

To establish a selective enforcement claim against an officer, a plaintiff must show that

4

"the challenged law enforcement practice had a discriminatory effect and was motivated by a discriminatory purpose." Carrasca v. Pomeroy, 313 F.3d 828, 234 (3d Cir. 2002). Plaintiff's Complaint alleges that Troopers Callahan and Mandziuk chose to follow Plaintiff 's car off Route 78 to the parking lot of the Busy Bee because of Plaintiff's race. (Am. Compl. ¶¶ 39-45.) It is undisputed that Defendant Francis was not present in the police car when Troopers Callahan and Mandziuk decided to effectuate a stop of the Plaintiff's car. (Def. Stat. Mat. Facts. ¶ 10-11; Pl. Stat. Mat. Facts ¶¶ 10-11.) Defendant Francis's motion for summary judgment as to Plaintiff's selective enforcement claim will, therefore, be granted.

Count Two of the Complaint sets out Plaintiff's claims under 42 U.S.C. § 1985. (Am. Compl. at 15.) There, Plaintiff, in short, alleges that Defendant Francis and the other Defendants conspired to commit each of the constitutional violations set out in Count One of the Complaint. (Id. ¶¶ 80-84.) In the instant motion for reconsideration, Defendant Francis argues that Plaintiff cannot sustain a claim of conspiracy under § 1985 for selective enforcement as Defendant Francis was not involved in the underlying constitutional violations.

Like § 1983, § 1985 provides no substantial rights itself, but merely "provides a remedy for violation of the rights it designates." Great American Federal Savings and Loan Ass'n v. Novotny, 442 U.S. 366, 372 (1979). The success of the Plaintiff's § 1985 claim, like his underlying § 1983 claims, requires a showing that Mr. Jackson was deprived of a federally protected right. See, e.g., Moire v. Temple Univ. Sch. of Medicine, 613 F.Supp. 1360, 1366 (D.C.P.A. 1985) (noting "success of plaintiff's § 1985(3) claim must be dependent upon success of her underlying § 1983 claim"). It also requires a demonstration that defendant agreed to participate in the deprivation of Plaintiff's constitutional rights. Here, there is neither direct nor

5

circumstantial evidence indicating that Defendant Francis agreed to such a conspiracy. Therefore, Plaintiff's conspiracy claim under § 1985 cannot be sustained as to selective enforcement. Accordingly, summary judgment will be granted to Defendant Francis on Count two of the Plaintiff's Complaint dealing with selective enforcement as well.

2. <u>Unreasonable Search and Seizure</u>

Plaintiff alleges that Troopers Callahan, Mandziuk, and Francis violated his constitutional rights by subjecting him to unreasonable search and seizure, and by failing to act to stop the violation of Plaintiff's rights. (Am. Compl. ¶¶ 76-79.) Plaintiff claims that after the rental car was searched, Officer Callahan conducted an improper pat search of Plaintiff and subjected Plaintiff to an unlawful strip search.. (Pl. Stat. of Mat. Facts ¶ 97.) This Court denied Defendant's Motion for summary judgement as to Plaintiff's claim of unreasonable search and seizure with regard to the pat-search of Plaintiff because the factual predicate to Plaintiff's allegations were vigorously disputed.

On this motion for reconsideration, Defendant Francis argues that he did not participate in procuring or executing consent for the search of the rental car. (Def. Br. 10.) Plaintiff conceded that he cannot maintain a Fourth Amendment violation for the search but asserted that he may have a claim, based upon the Fourteenth Amendment, that the consent was requested on the basis of race. (Pl. Opp. Br. at 51, n.6.) For the first time, in this motion for reconsideration, Defendant Francis states that he was not involved in the consent search of the car, noting that only Trooper Callahan asked for and received consent to search the vehicle. (Def. Br. 10.) Defendant Francis did not raise this argument in his initial brief for partial summary judgment or in his reply brief, and it is therefore improper for him to raise it for the first time on a motion for reconsideration.

Again, a motion for reconsideration is not an opportunity for parties to reargue a previously decided motion or "to introduce legal theories that a party failed to include in its initial motion." Chiniewicz, 202 F. Supp. 2d at 334. Rule 7.1(i) permits reconsideration only when "dispositive factual matters or controlling decisions of law" were presented to the Court but were overlooked. See Resorts Int'l v. Great Bay Hotel and Casino, 830 F. Supp. 826, 831 (D.N.J. 1992); Khair v. Campbell Soup Co., 893 F. Supp. 316, 337 (D.N.J. 1995). Defendant's initial motion did not raise, and this Court therefore did not consider, Defendant Francis's role in the search of the vehicle. Accordingly, Defendant's motion for reconsideration of this issue must be denied.

### III. Conclusion

For the foregoing reasons this Court will **GRANT IN PART AND DENY IN PART** Defendant Francis's Motion for Reconsideration. This Court will also grant partial summary judgment for Defendant Francis as to the allegations in Counts One and Two of Plaintiff's Amended Complaint pertaining to selective enforcement. An appropriate order will follow.

  s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.